## ASA H. RICHMOND *et ux. vs.* WILLIAM LOEB.

In an action by husband and wife for slander the declaration set forth that at the time or shortly before the words complained of were uttered the husband had been engaged by the defendant to sell goods for him on commission, and to pay the proceeds of sales, less commissions, over to the defendant, and charged the defendant with uttering the words, "The lying dog, he never paid me a cent. He is a swindler, and his wife is implicated with him," and then averred the slanderous meaning to be that the husband had been guilty of embezzlement and that the wife was an accessory thereto and therefore guilty of embezzlement.

*Held,* that the declaration set forth a cause of action.

TRESPASS ON THE CASE for slander.    Certified from the Common Pleas Division on demurrer to the declaration.

The action was brought by Asa H. Richmond and Evelyn L. Richmond his wife.    The declaration charged the defendant with uttering the following words of and concerning the plaintiffs :    "The lying dog, he never paid me a cent.    He is a swindler, and his wife is implicated with him."    The other material parts of the declaration sufficiently appear in the opinion of the court.

*June* 4, 1895.    MATTESON, C. J.    The words alleged to be slanderous are not actionable in themselves.    But words not actionable may be made so by averring such extrinsic facts as may be necessary to show that they were intended to be slanderous and were so understood.    Such facts must be distinctly set forth in the declaration by means of a *colloquium* or prefatory statement and the words complained of must be

applied to the plaintiff by proper *innuendoes* setting forth the meaning which the plaintiff conceives the defendant intended should be attributed to them and which makes them slanderous. 13 Amer. & Eng. Encyc. of Law, 463, and cases cited. The declaration in the present case meets these requirements. It sets out in a prefatory statement the fact that at the time or shortly before the words were uttered, the plaintiff, Asa H. Richmond, had been engaged by the defendant to sell goods for him on commission, and to turn over the proceeds of the sales, less commissions, to the defendant. It then charges the utterance of the words complained of and proceeds by *innuendoes* to apply the words to the plaintiffs and to aver the slanderous meaning which it is claimed the defendant intended should be given to the words, to wit : that the plaintiff Asa H. Richmond had not turned over the money received by him from the sale of the goods, but had embezzled it and so was guilty of embezzlement and subject to the punishment prescribed therefor by law ; and that his wife had assisted him in embezzling the money and was an accessory thereto and therefore guilty of the crime of embezzlement and subject to the pains and penalties prescribed therefor by law.

Demurrer overruled and case remitted to the Common Pleas Division for further proceedings.

*Edward D. Bassett & Edward L. Mitchell*, for plaintiffs.
*Daniel R. Ballou & Frank H. Jackson*, for defendant.